IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBBIE ROBERTSON,<br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE<br>Commissioner of the Social<br>Security Administration,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-06-2436<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Plaintiff seeks judicial review of his unsuccessful claim for Social Security disability benefits. Plaintiff and Defendant have each filed a Motion for Summary Judgment.

### I.   BACKGROUND

Plaintiff, who was born in 1961, originally filed his application for Social Security benefits in April 2002 under Title XVI of the Social Security Act. In his application, he alleged that he had back pain and borderline intellectual functioning. In the month prior to his filing, Plaintiff had suffered a bicycle accident that led to his hospitalization. It was this accident that, apparently, led Plaintiff to believe that he had become disabled.

The application was denied initially and on reconsideration. At Plaintiff's request, the Administrative Law Judge ("ALJ") held a hearing and issued an administrative decision denying

benefits. The Appeals Council vacated this decision and remanded for further proceedings. In particular, the Council asked the ALJ to give further consideration to the claimant's maximum residual capacity, and, if warranted, to obtain supplemental evidence from a vocational expert. A further hearing was held and, in October 2005, the ALJ issued an administrative decision finding Plaintiff not disabled.

Following the familiar five-step sequential evaluation process, at step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that Plaintiff's chronic back pain and borderline intellectual functioning were severe impairments. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity set forth in the Listing of Impairments. The ALJ found that Plaintiff's allegations as to his impairments were generally credible but not to the extent claimed. At step four, the ALJ found that Plaintiff had no past relevant work. At step five, the ALJ found that Plaintiff was not disabled within the meaning of the Act because he could perform other work available within the national economy. The Appeals Council denied Plaintiff's request for review. Plaintiff then filed this action pursuant to 42 U.S.C. § 405(g). Under § 405(g), this Court's review is limited to whether the proper legal standards were applied, and whether the ALJ's findings are supported by substantial evidence.

## II.   ANALYSIS

Plaintiff claims that the ALJ committed legal error with respect to Plaintiff's mental impairment, and that the ALJ's decision also lacks substantial evidence to support it. These claims will be examined in some detail.

The ALJ started with the proposition that Plaintiff "has 'severe' impairments: i.e., an impairment or combination of impairments that significantly limits his physical or mental ability to do basic work activities. These impairments are chronic back pain and borderline intellectual functioning." (Tr. 18.) The ALJ, however, quickly went on to state that Plaintiff "does not have an impairment or combination of impairments, which meets or equals a listed impairment in Appendix 1, Subpart P, Regulations No. 4. No treating or examining physician has made findings equivalent in severity to the criteria of any listed impairment." *Id.*

The ALJ then correctly referred to the Regulations' criteria for determining mental retardation to be an impairment. Part 12.05 states that "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period . . . ." The required level for severity is met when "deficits in adaptive functioning initially manifested during the development period" are shown, and the requirements of one of four alternative standards are met. Plaintiff apparently seeks to qualify under alternative C, and argues that the ALJ mistakenly analyzed Plaintiff according to other criteria.

### A. Deficits in Adaptive Functioning

The threshold criterion of "deficits in adaptive functioning," however, appears dispositive. The ALJ observed that Plaintiff "was able to perform semi-skilled work as a scaffold helper for several years. He also has a driver's license . . . . The claimant is also otherwise able to care for his needs, help care for his father and occasionally help sit with his friend's mother." (Tr. at 20.) The ALJ also referred to the findings from a psychological consultative evaluation with Dr. Frankie Clarke (sometimes spelled "Clark" in the ALJ's opinion). Plaintiff apparently told Dr. Clarke that he could "cook, shop, use a telephone directory, clean house, administer medication to himself, take

care of his own finances and drive short distances." (Tr. at 17.) According to the ALJ, Dr. Clarke "observed that the claimant's thought processes appeared to be coherent and relevant and his mood and affect were normal and appropriate to the situation. The claimant did not demonstrate a looseness of association in his speech. His memory appeared to range from fair to good, and his attention and concentration appeared to be good." *Id.*

Although the ALJ did not set forth his conclusions as clearly as might have been hoped, it nonetheless appears to the Court that the ALJ found and held that Plaintiff was not "suffering from deficits in adaptive functioning" and that, therefore, Plaintiff's case fails at this threshold.

### B. Physical or Other Mental Impairment

As to Alternative C of Part 12.05, it sets forth the required level of severity as "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . . ." No one disputes that Plaintiff's IQ does qualify under this standard of Part C. Plaintiff does object, however, to the ALJ's conclusions as to "physical or other mental impairment imposing additional and significant work-related limitation of function." As to what would qualify under this criterion, the federal courts of appeal are in conflict. Certain courts of appeal have held that the Part 12.05(C) criterion is satisfied if the claimant suffers from a severe physical or other mental impairment as defined in step two of the sequential analysis. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); *Edwards v. Heckler*, 736 F.2d 625, 629-31 (11th Cir. 1984); *Nieves v. Secretary of Health & Human Servs.*, 775 F.2d 12, 14 & n.7 (1st Cir. 1985). Other courts of appeal have held that this criterion is met when the claimant cannot perform his past relevant work. *Flowers v. United States Dep't of Health & Human Servs.*, 904 F.2d 211, 214 (4th Cir. 1990); *Mowery v. Heckler*, 771 F.2d 966, 972 (6th Cir.

1985). Neither the Fifth Circuit Court of Appeals nor the Supreme Court have yet confronted the issue.[1]

In this case, however, the ALJ followed neither test, instead using a different analysis to find that Plaintiff did not have the "physical or other mental impairment" that is required under Part C. The ALJ found Plaintiff's allegations regarding his limitations were generally credible, but not to the extent alleged. (Tr. 23.) The ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work with standing and/or walking for three hours in an eight-hour workday and lifting no more than ten pounds. *Id.* The ALJ found that Plaintiff could occasionally climb stairs and ramps, but could never climb ropes, ladders, or scaffolds. *Id.* The ALJ likewise found that Plaintiff could occasionally stoop, kneel, and crouch, but could not crawl. *Id.* As the ALJ noted, the record reflects that Plaintiff sought little treatment, other than medication, for his back problems since August 2002; when an impairment is controlled by medication, it cannot be disabling, *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986).

The ALJ also properly expressed skepticism about the opinions that most strongly supported Plaintiff's claims. One physician assistant, who had arranged for Plaintiff to get medication for his back problems, submitted a completed questionnaire and stated that Plaintiff was permanently disabled because of his physical and mental impairments. (Tr. 17, 316.) The deficiencies in the assistant's position are self-evident. Most notably, he is not a physician. Secondly, he suggested no reason for anyone to believe that he is competent to express an opinion on Plaintiff's mental condition. Third, he seemed to lack any professional qualifications to determine what jobs, if any,

---

[1] It should be noted that, under the first test, Plaintiff would meet the second 12.05(C) criterion. Whether Plaintiff would also meet that criterion under the second test is unclear. That test is determined by reference to past relevant work, but in this case, the ALJ explicitly found Plaintiff to have none. (Tr. 16.)

Plaintiff could perform. After remand, Plaintiff's counsel arranged for him to see a psychologist who also opined that Plaintiff was disabled. (Tr. 20.) The ALJ observed that the psychologist was not a treating physician, that his opinion was sought for purposes of building the record, that his statements were conclusory, that he relied heavily on Plaintiff's subjective reports of his health, and that his opinions were not consistent with other evidence in the record. (Tr. 20-21.)

The ALJ – again quite properly – relied on other medical opinions that had greater substantiation and detail. One of these, that of John Anigbogum, M.D., noted that Plaintiff had failed to report for his lumbar spine X-ray notwithstanding "numerous attempts to contact him . . . ." (Tr. 259.) Dr. Anigbogum's report was generally consistent with the ALJ's conclusion that Plaintiff's back pain is not disabling, and he even found that Plaintiff "could perform a wide range of light work reduced by . . . some postural limitations." (Tr. 19.)

Also, as already noted, the Plaintiff had been able to perform semi-skilled work as a scaffold helper for several years. Although this was before his alleged back injury, it does indicate that Plaintiff's mental capacity would not keep him from all possible vocations. (Tr. at 20.) This fact was underscored by the vocational expert who testified. Taking into account all of Plaintiff's limitations, the expert testified that Plaintiff could perform available work as an optical goods worker, sorter, and ticket checker. (Tr. 22.)

In view of the conflict among courts of appeals and the absence of any guidance from the Fifth Circuit, the Court would simply note that it finds and holds that the ALJ did have substantial evidence that Plaintiff did not have the "deficits in adaptive functioning" required by Part 12.05. On that basis, the decision of the ALJ should be **AFFIRMED**.

### III. CONCLUSION

Plaintiff's Motion for Summary Judgment is **DENIED**. Defendant's Motion for Summary Judgment is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on this ____25th____ day of September 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE